### John E. Schroeppel v. Henry Steinmeyer et al.

1. RESCISSION—*what not ground for.* A mistake of fact by one party to a contract not induced by the other party thereto, is not ground for rescission where such other party has not been guilty of bad faith.

Action in assumpsit. Appeal from the Circuit Court of Madison county; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1906. Reversed and remanded, with directions. Opinion filed September 14, 1906.

W. E. HADLEY and BURTON & WHEELER, for appellant.

WILLIAM G. BURROUGHS and WARNOCK, WILLIAMSON & BURROUGHS, for appellees.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

Appellant brought suit in assumpsit to recover damages from appellees for failure to deliver lumber according to the terms of a written contract entered into between the parties. Before final joinder in issues in the action at law, appellees filed their bill in equity to enjoin further proceedings at law and to rescind the contract upon which the suit was brought. The bill represents that appellees are dealers in lumber and that on June 10, 1905, John E. Schroeppel, appellant, applied to them for their price for certain lumber required by him in the construction of a building about to be erected; that for the purpose of giving to him the price on said lumber they set down in a column the prices of each item of lumber, the aggregate of which being the amount at which they intended to offer to sell the lumber; that the correct amount was $1,867, but that they erroneously computed the same to be $1,446; that believing that $1,446 was the correct addition, they, by mistake, offered to furnish and deliver the lumber for $1,446; that $1,867 was the usual and customary market value of the same, and that they did not intend to furnish the said lumber for less than the market value or for less than the total aggregate amount of the price of all the items; that on June 17, 1905, appellant accepted the said offer of $1,446 for the lumber specified; that the following day appellees notified appellant of the mistake and that they would not abide by the offer made and accepted and would not furnish the lumber at the price offered. A temporary injunction was granted. Appellees answered the bill, admitting the making of the contract and the refusal to deliver the lumber and all material averments made, and denied that complainants were entitled to the relief prayed. By agreement of parties the suits were consolidated, and tried together. The court found in favor of appellees and entered a decree

canceling the contract and perpetually enjoining Schroeppel from prosecuting his suit at law.

The decree is not justified by the evidence. The mistake from which relief is sought was that of appellees alone, and there is nothing in proof by which to authorize the rescission of the contract and impose upon the appellant the consequence of appellees' erroneous estimate or calculation in the price of lumber agreed to be supplied. There was no mutuality in the mistake. When the contract for the sale of lumber was made, entered into and signed, both parties fully understood and intended its terms and obligations as expressed. There is no evidence to impeach the good faith of appellant, or from which to say that he knew that appellees were acting under a mistake as to the prices submitted. There is evidence, not disputed in the record, that appellant acted upon the contract with appellees before notice of the mistake or refusal to comply with the agreement was given. He let his contract for brick work and accepted a loan of money to construct the contemplated building. The contention of appellees is not sustained by the authorities cited. Under their first proposition that "equity will rescind and annul an apparently valid written contract upon the ground of a mistake of fact, material to the contract, by one party only," we find cited the cases of Sutherland v. Sutherland, 69 Ill. 488, and Douglas v. Grant, 12 App. 276. In the Sutherland case the question was as to the construction of an ante-nuptial contract, to determine its effect *as expressed*. It was also contended that the court should have reformed the contract to conform to the construction given it by the appellant in that case. The Supreme Court affirmed the decree of the Circuit Court in the construction there given to the contract, and states as a general proposition applicable to that case, that parties are presumed to have understood the legal effect of their contract, and to rectify a written instrument, on the ground of mistake, "the evidence must be such as to

leave no fair and reasonable doubt upon the mind that
the instrument does not embody the final intention of
the parties.'' The further statement in the opinion,
a quotation from Kerr on Fraud and Mistake, that
''rectification can only be had where both parties have
executed an instrument under a common mistake, and
have done what neither of them intended. A mistake
on one side may be ground for rescinding, but not for
correcting or rectifying. an agreement,'' had no appli-
cation to the questions under consideration, and the
opinion therefore is without bearing in the case at bar.
In the Douglas case, *supra,* we find the identical quota-
tion from Kerr on Fraud and Mistake, and nothing
more to suggest a reason for citation by appellee in
this case. The Douglas case is interesting and not
without bearing adversely to appellees' contention.
The facts are similar, and the mistake sought to be cor-
rected by bill in chancery is precisely the same in char-
acter, as that sought by appellees. The complainant
sought to reform a building contract on the ground of
a mistake in the estimates as to cost of material. We
give the contention of complainant, as set out in the
court's opinion: ''It is contended, however, that, be-
fore entering into the contract, appellee (complainant),
at the request of appellants, made out a specified list
or bill of materials and labor that would be needed in
the construction of the building, and that opposite
each item in said list or bill was set down, as appellee
believed, the true value on the basis of which each
item was estimated, one of which items was 131,000
brick at $12.00 per thousand; that by mistake this item
was carried out at $1,236.00, when the true sum was
$1,572.00; that by reason of this mistake the aggregate
cost of the building was estimated at $2,929.15, when
the same ought to have been $3,265.15. There is no
allegation in the bill, nor does the proof show, that at
the time the contract was signed, appellants (defend-
ants) knew of the mistake alleged.'' In discussing the
facts in that case, the court says: ''If appellants did

not know of the mistake made by appellee in his estimates, at the time they signed the contract, it cannot be said they intended to contract for the payment of a larger sum than that mentioned therein. If they were aware of it, then the mistake, if any, was all on the part of appellee. But in that case there is want of mutuality in the mistake. Before a court of equity could reform it, the proof should show that the writing does not express what both parties intended it should.''

The extended discussion and extracts from the foregoing cases may be excused for the reason that they are the only Illinois decisions cited by appellees in support of the main proposition for which they contend. In argument, appellees rely upon the decision of Dunn v. O'Mara, 70 App. 609, and quote a large part of the opinion, in support of the contention that the mistake in this case was in the execution of the contract and not one that occurred before and led to the execution of the contract, and, therefore, it was a mistake against which equity would relieve. The theory of the bill in the Dunn case, as stated by the court, ''was that a *mutual* mistake was made by the *parties,* growing out of the erroneous computation of the cost of the work at the rate of 7½ cents per cubic yard.'' The Appellate Court reversed the judgment of the lower court as against the weight of evidence, which by a clear preponderance, according to the opinion, showed that ''in making the computation appellant and appellee (both parties to the contract), erroneously found that the ditch would contain 15,233 yards. * * * That a mistake was made is quite clear, not in writing in the instrument the words 'one thousand one hundred and fifty dollars,' because both parties knew the contract contained those words at the time of signing; but the mistake consisted in the belief [by both parties] that 15,233 cubic yards of dirt were to be removed when in truth there were only 7,666 yards to be removed.'' The brackets are ours. This case is

in line with the general doctrine that equity may relieve on the ground of mistake, when the mistake is mutual as between the parties to the contract, and when the contract does not express the intention of both parties to the contract. In the case at bar the contract expressed the intention of both parties as they intended to express it. The mistake, if any, was on the part of appellees alone and occurred several days before the contract was signed. We are cited to no authority, and are acquainted with none, that will justify the correction or rescission of this contract under the evidence in the record. Against such contention Crilly v. Board of Education, 54 App. 371, is a parallel case and very much in point. Crilly offered to build a school house for $20,997. His offer was accepted and he deposited $630 as security that he would enter into the contract upon acceptance of his bid. He afterwards discovered that he had made a mistake in transcribing his bid for presentation and placed a cipher where he intended to place the figure "3," making his bid $20,997.00 instead of $23,997, as he intended. He filed a bill to cancel his bid on the ground of a mistake and have returned the deposit, $630. The relief was denied, the court holding, that the mistake, if any, was made by the party complaining and that it was not such a mistake as entitled the complainant to relief in equity. And in this case it is fair to say, that the mistake, if any, was due to the negligence of the appellees. The testimony of appellees' bookkeeper, in substance, that an ordinary careful business man would have discovered the correct addition of the items in the estimate, and that the reason that it was not discovered was because Mr. H. Steinmeyer wasn't very careful about it, truly interprets the circumstances under which the mistake occurred. The bill should have been dismissed for want of equity.

The decree of the Circuit Court is, therefore, reversed, the cause remanded, with directions to dissolve the injunction and dismiss the bill.

*Reversed and remanded with directions.*